**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6771**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JOHN TAYLOR TYER,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:10-cr-00238-F-3; 5:13-cv-00449-F)

Submitted: October 18, 2016      Decided: October 21, 2016

Before WILKINSON, KING, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John Taylor Tyer, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Taylor Tyer seeks to appeal the district court's order denying relief on his motion to reconsider, under Fed. R. Civ. P. 60(b), the court's earlier order dismissing his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Tyer has not made the requisite showing. The district court lacked jurisdiction to deny Tyer's Rule 60(b) motion on the merits because the claims he raised challenged the validity of his convictions, and thus the motion should have been construed

2

as a successive § 2255 motion. <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531–32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); <u>United States v. Winestock</u>, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear a successive § 2255 motion. <u>See</u> 28 U.S.C. § 2244(b)(3) (2012).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>